United States District Court
District of Massachusetts

|                                               |   |                  |
|-----------------------------------------------|---|------------------|
| **Daniel G. Gaudet;**                         | ) |                  |
|                                               | ) |                  |
| **Plaintiff,**                                | ) |                  |
|                                               | ) |                  |
| v.                                            | ) | Civil Action No. |
|                                               | ) | 18-10312-NMG     |
| **U.S. Bank, N.A. as Trustee for**            | ) |                  |
| **Credit Suisse First Boston**                | ) |                  |
| **Mortgage Securities Corp., CSFB**           | ) |                  |
| **Mortgage-Backed Pass-Through**              | ) |                  |
| **Certificates, Series 2005-12;**             | ) |                  |
| **and Wells Fargo Bank, N.A.;**               | ) |                  |
|                                               | ) |                  |
| **Defendants.**                               | ) |                  |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a mortgage dispute between Daniel Gaudet ("Gaudet" or "plaintiff"), proceeding pro se, and U.S. Bank, National Association ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo", collectively "defendants").

In August, 2005, plaintiff granted a mortgage on property located on Nashua Street in Ayer, Massachusetts ("the property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") to secure a promissory note. That mortgage was eventually assigned to U.S. Bank, the current mortgagee of record and holder of the note. Plaintiff defaulted on his mortgage and applied for a loan modification without success.

-1-

Gaudet filed a complaint against the mortgagee and others in state court on January 30, 2018, a foreclosure sale proceeded on February 2, 2018, and defendants removed the case to this Court on February 18, 2018.  Pending before the Court are defendants' motion to dismiss and plaintiff's motion to stay execution.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's barebones complaint is devoid of facts sufficient to state a legal claim for relief.  The "Facts" section of the complaint contains three sentences.  The only substantial allegation is that:

> About the last year applied for the loan modification plan, the Defendant upon receiving his loan modification application despite promise by the loan mitigation department of the WELLS FARGO BANK, they schedule my home for Auction on the date of the Thursday February first-2018.

A complaint must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66 (1st Cir. 2004).  Gaudet's complaint does do so, nor does it even purport to state a cause of action.

The complaint alleges three "counts": injunctive relief, loan modification and damages.  Those are remedies, however, and not causes of action.  Given that the foreclosure has already

-2-

occurred, plaintiff's request for injunctive relief is moot. See Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993).

The fact that a plaintiff files a complaint pro se "militates in favor of a liberal reading," Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000), but even under that stricture, plaintiff's complaint is deficient. The Court will, however, afford Mr. Gaudet the opportunity to amend his complaint. See Fed. R. Civ. P. 15(a)(2). The amended complaint must contain more facts and must provide defendants notice of the specific claim (or claims) he is bringing.

For instance, if plaintiff is alleging that defendants breached a contract, he must specify how defendants breached it. If he alleges that he relied on a misrepresentation made by defendants, he must specify

> (1) the allegedly fraudulent statements; (2) the identity of the speaker; (3) where and when the statements were made; and (4) [how] the statements were fraudulent.

See Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997).

If the "promise by the loan mitigation department of Wells Fargo Bank" was made in writing, plaintiff should attach that letter to his amended complaint.

Plaintiff's amended complaint need not present every detail of his interactions with Wells Fargo and U.S. Bank. A "short and plain statement of the claim" will suffice, see Fed. R. Civ. P. 8(a)(2), but the plaintiff must state "with particularity the

-3-

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In any event, the complaint must give defendants notice of the claims against them and the factual allegations in support of those claims.

Because plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted, defendants' motion to dismiss will be allowed. For the same reason, plaintiff's motion to stay execution will be denied.

## ORDER

Defendants' motion to dismiss (Docket No. 5) is **ALLOWED**. Plaintiff's motion to stay execution (Docket No. 15) is **DENIED**. Plaintiff is permitted to file an amended complaint, if any, on or before Monday, October 8, 2018.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 7, 2018